IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE J. THOMPSON, #1021536, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-1980-O | |
| ) | | |
| THE CITY OF DALLAS, TEXAS, et al., ) | | |
| Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at High Desert State Prison in Indian Springs, Nevada. Defendants are the City of Dallas, the Dallas Police Department, five unknown Dallas police officers, and ten John Does. The court did not issue process in this case pending preliminary screening.

Statement of Case: Plaintiff filed this action on behalf of the Estate of Henry Frankie Davis, his deceased brother, stemming from his brother's "wrongful death" as a result of an unlawful choke-hold in October 2006. Plaintiff sought monetary damages.

In response to this court's deficiency order, Plaintiff withdrew all claims as executor of his deceased brother's estate, "find[ing] it unlikely that he can submit . . . documentation

[establishing that he could act as executor of his deceased brother's estate] within a reasonable time. (*See* Plaintiff's Dec. 16, 2008 pleading at 2). He, thus, advised that he was filing this action "only on his own behalf as sibling of Henry Frankie Davis[,]" his deceased brother. (*Id.*).

Thereafter, Plaintiff filed an amended complaint on the civil rights complaint form pursuant to 42 U.S.C. § 1983, as directed by this court, seeking to sue the City of Dallas and the Defendants police officers in his individual capacity for his brother's death. (*See* Feb. 13, 2009 Amended Complaint at 4). Plaintiff alleges the following claims: "wrongful death, failure to train, excessive force, unlawful policies and practices, negligence, deprivation, and negligent infliction of emotional distress." (*Id.* at 3). He seeks compensatory and punitive damages. (*Id.*).

<u>Findings and Conclusions</u>: The court must first determine if Plaintiff has standing to bring this action. Article III of United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. Art. III § 2. Standing-- *i.e.,* the need to show that the plaintiff has a direct, personal stake in the outcome of the suit--is an "essential and unchanging part" of the case-or-controversy requirement. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *United States v. Hays,* 515 U.S. 737, 742, 115 S.Ct. 2431, 2435 (1995); *see also Doe v. Tangipahoa Parish School Bd.*, 494 F.3d 494, 496 n. 1 (5th Cir. 2007) (standing is a jurisdictional requirement and not subject to waiver).

"Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suit." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). Therefore, this court looks to Texas state law to

2

determine whether Plaintiff has standing to assert a wrongful death or survival claim under 42 U.S.C. § 1983. *Id.*; *Aguillard v. McGowen,* 207 F.3d 226, 231 (5th Cir. 2000).[1]

Wrongful death statutes establish actions which may be brought by persons identified by statutes who are entitled to compensation under § 1983 for their own injuries sustained as a result of the deprivation of the deceased person's constitutional rights. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1986); *Kahng v. City of Houston*, 485 F.Supp.2d 787, 792 (S.D. Tex. 2007) (summarizing cases). However, the Texas wrongful death statute provides that only the decedent's spouse, children, and parents may bring an action for wrongful death. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (Vernon Supp. 2009); *Shepherd v. Ledford*, 962 S.W.2d 28, 31(Tex. 1998). Further wrongful death benefits in Texas do not belong to a decedent's estate. *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988).

Plaintiff is the brother of the decedent, Henry Frankie Davis. As such he is not within the class of individuals with standing to bring an action for the decedent's wrongful death. *See Aguillard,* 207 F.3d at 231 (recognizing that under Texas law, siblings of decedent do not have standing to bring wrongful death action).

A survival action, on the other hand, involves damages personal to the decedent. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.021 (Vernon Supp. 2009) ( "A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person ..."). It differs from a wrongful death action in that it "preserves a claim for the estate rather than creating a new cause of action for those surviving the decedent."

---

[1] In light of Plaintiff's *pro se* status, the court liberally construes his complaint to allege wrongful death as well as survival claims under § 1983.

*Pluet*, 355 F.3d at 384; *see also Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 849-50 (Tex. 2005). Section 71.021 provides that "[a] personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person."

Generally, "only the estate's personal representative has the capacity to bring a survival claim." *Austin Nursing Center*, 171 S.W.3d at 850 (citing *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971)). Heirs may be entitled to sue on behalf of the estate only under certain circumstance. *Id.* In *Shepherd,* the Texas Supreme Court "held that '[h]eirs at law can maintain a survival suit during the four-year period the law allows for instituting administration proceedings if they allege and prove that there is no administration pending and none [is] necessary.'" *Austin Nursing Center*, 171 S.W.3d at 850-51 (citing *Shepherd*, 962 S.W.2d at 31-32). A family agreement regarding the disposition of the estate's assets may be sufficient to establish that no administration is necessary. *Id.*[2]

Plaintiff is not the legal representative of his deceased brother's estate. He conceded as much in response to this court's November 2008 deficiency order. (*See* Plaintiff's pleading/motion filed on December 16, 2008, at 2). Moreover, he amended his complaint to delete all claims in his putative capacity as executor of his deceased brother's estate. (*Id.*, and Amended Complaint filed Feb. 13, 2009).

As a sibling, Plaintiff appears to be an heir of his deceased brother's estate for purposes of the Texas Survival Statute. Texas Probate Code § 3(o) defines "heirs" as "those persons, including the surviving spouse, who are entitled under the statutes of descent and distribution to

---

[2] In *Shepherd*, an administration was no necessary as a matter of law because the surviving spouse was the only heir of the estate and there was evidence that the family had resolved the estate's disposition. 962 S.W.2d at 33.

the estate of a decedent who dies intestate." Plaintiff, however, must show that administration of the estate is not pending or that none is necessary as set out in *Shepherd* and *Austin Nursing Center*, *supra*. He has not met this burden. Therefore, Plaintiff lacks standing as heir of his deceased brother's estate to bring a claim under the Texas Survival Statute. *Cf. Aguillard*, 207 F.3d at 231, in which the court held that the sister of the decedent had standing to prosecute a survival action as heir *and* legal representative of the estate.

In his individual capacity, Plaintiff lacks standing to assert a survival claim. "[S]iblings are plainly . . . not within the scope of the Texas Wrongful Death and Survivor Statutes . . . ." *Aguillard*, 207 F.2d at 231, held that sisters of decedent, in their individual capacities, could not bring wrongful death or survival action.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED *sua sponte* for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 26th day of February, 2009.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district

judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.